HORACE LELAND vs. ASA WOODBURY & others.

The remedy by assumpsit or debt, given by the Rev. Sts. c. 116, § 24, to enforce pay
ment of the annual compensation or gross damages, awarded under the provisions
of the same chapter, for the flowing of land for the purposes of a mill, is not
cumulative, but is substituted for and takes away the common law remedy by an
action of debt on the judgment. Such action can only be brought against the
owner or occupant of the mill, and it must be alleged in the declaration, that the
defendant is such owner or occupant.

THE plaintiff, as the assignee in insolvency of Nathaniel
G. King, brought an action of debt against the defendants,
Asa Woodbury and eight others, upon a judgment recovered
at the September term of the court of common pleas in the
year 1839. This judgment was rendered upon the award of
arbitrators, on a petition filed against the defendants, as mill
owners, for flowing the land of King, the insolvent. The
arbitrators assessed the petitioner's annual damages at the
sum of $35, and his gross damages at the sum of $500;
and the petitioner duly filed his certificate in the clerk's office
of his election to take the gross damages.

This action not having been brought within three years
from the time of the rendition of the judgment; and the de-
fendants not being alleged in the declaration to be the owners
or occupants of the mill which caused the injury; the de-
fendants objected, on these grounds, that the action was not
brought in conformity with the provisions of the statute,
(Rev. Sts. c. 116, §§ 21, 24,) relating to the erection and
regulation of mills.

The chief justice of this court, before whom the cause was
tried, ruled that the action could not be maintained, for the
reasons above stated, and also for the further reason, that the
special judgment set forth in the declaration was of such a
nature, that an action of debt by an assignee could not be
maintained upon it.

The plaintiff thereupon became nonsuit, subject to the
opinion of the whole court.

R. Newton, for the plaintiff.

C. Allen, for the defendants.

21 *

WILDE, J. This is an action of debt on a judgment re-covered in the court of common pleas upon a petition against the defendants, as mill owners, for flowing the petitioner's land. The judgment was rendered on the report of referees, who assessed the petitioner's annual damages at the sum of $35, and his gross damages at the sum of $500; and the petitioner duly filed his certificate in the clerk's office of his election to take the gross damages. Upon these facts, the question is, whether this action can be maintained to recover the damages, either annual or in gross, as assessed by the referees, which it is admitted have never been paid.

As to the gross damages, it is very clear, that the mill owner or occupant is entitled to elect either to pay the damages and interest, or to lose all benefit of the act for the erection and regulation of mills, until he shall pay such dam-ages and interest. Rev. Sts. c. 116, § 21. The only remedy provided by the statute for the party entitled to such dam-ages, if the mill owner or occupant refuses to pay, is under the twenty-fourth section, which provides for an action of assumpsit or debt therefor, against the person who shall own or occupy the mill when the action is brought; and the plain-tiff is therein to recover the whole sum due or unpaid for three years then last past. But as it is not averred in the declaration, that the defendants were owners or occupants of the mill at that time, nor did it appear that they were, this action cannot be maintained.

It has been argued for the plaintiff, that the remedy pro-vided by the statute is cumulative, and does not take away the common law remedy to enforce the judgment. But we think this argument cannot be maintained. The general rule in this respect is, that where a statute creates a new offence, or a new liability, and appoints a specific remedy against such new offence, or to enforce such new liability, that specific remedy is to be pursued and no other. Rex v. Robinson, 2 Bur. 799, 803.

In the present case, the remedy provided by the statute is inconsistent with the common law remedy. By the former the action lies against the owner or occupant of the mill at

the time when the action is brought; and by the latter the action can only lie against the party against whom the judgment was recovered. It is obvious, therefore, that no action can be brought against the defendants on the judgment for gross or annual damages, unless they were owners or occupants of the mill at the time when this action was commenced.

There were other grounds of defence taken at the trial, which we have not found it necessary to consider, as one valid ground of defence is sufficient.

*Nonsuit to stand*